**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

YANATHA DESOUVRE *ex rel.* J.D. and A.D.,

Plaintiff,

v. Case No. 6:25-cv-1878-RBD-LHP

DISNEY WORLDWIDE SERVICES INC.; and DISNEY ENTERTAINMENT OPERATIONS LLC,

Defendants.

---

**ORDER**

On review of the Class Action Complaint (Doc. 1), Plaintiff Yanatha Desouvre fails to establish subject matter jurisdiction.

Federal courts have the "power to decide only certain types of cases"—including cases brought based on diversity jurisdiction. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). For putative class actions, courts must ensure the citizenship of the parties is minimally diverse, meaning any member of the class is a citizen of a different state than the defendant. 28 U.S.C. § 1332(d)(2)(A).[1]

[1] Plaintiff asserts that the Court has jurisdiction pursuant to both the Class Action Fairness Act ("CAFA") under 28 U.S.C. § 1332(d) and federal question jurisdiction under 28 U.S.C. § 1331

Here, Desouvre sues on behalf of his minor children J.D. and A.D. and alleges they are all "residents of Florida." (Doc. 1, ¶ 8.) A guardian is deemed to be a citizen of the same state as the minor. 28 U.S.C. § 1332(c)(2). "Since most minors are legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parents." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). So as their parent, J.D. and A.D. take on Desouvre's domicile, which is then deemed to be the relevant citizenship as the guardian bringing this suit on their behalf. But Desouvre's residence in Florida is not enough to establish his domicile. *See id.* Rather, on repleader, Desouvre must provide evidence of his intent to remain here—often demonstrated by the homestead exemption, voter registration, occupational licenses, and the like—to establish his domicile and thereby the relevant citizenship. *See Furnari v. Nuance Commc'ns, Inc.*, No. 6:11-cv-1119, 2011 WL 13298737, at *3 (M.D. Fla. Sept. 20, 2011); *Akkan v. Nationstar Mortg., LLC*, No. 1:16-cv-1999, 2016 WL 11260335, at *1 (N.D. Ga. Nov. 16, 2016), *adopted*, 2017 WL 382616 (N.D. Ga. Jan. 27, 2017). Only then can the Court determine if there is minimal diversity necessary under § 1332(d)(2)(A).

because he brings a Federal Wiretap Act claim under 18 U.S.C. § 2510. (Doc. 1, ¶¶ 11, 184–200.) While the federal question is adequately pled, given that Plaintiff relies on both bases for jurisdiction, Plaintiff must replead so the Court can determine whether it has the CAFA jurisdiction Plaintiff asserts.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. By **Monday, November 3, 2025**, Plaintiff may file an amended complaint correcting the deficiencies identified in this Order. Failure to timely file will result in this action being closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 20, 2025.

ROY B. DALTON, JR.
United States District Judge