**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| YANATHA DESOUVRE, on behalf of his minor children, J.D. and A.D., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DISNEY WORLDWIDE SERVICES, INC., a corporation, and DISNEY ENTERTAINMENT OPERATIONS LLC, a limited liability company,<br><br>Defendants. | **Case No: 6:25-cv-1878-RBD-LHP** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER OR, IN THE ALTERNATIVE, STAY PROCEEDINGS**

## TABLE OF CONTENTS


**PRELIMINARY STATEMENT ... 1**

**BACKGROUND ... 2**

**ARGUMENT ... 4**

**I. THE FIRST TO FILE RULE DOES NOT MANDATE TRANSFER 4**

**a. Legal Standard ... 4**

**b. The Parties and Issues are not Substantially Identical ... 5**

**c. Alternatively, Florida's State Interest is a Compelling Circumstance Sufficient to Avoid Transfer ... 7**

**II. TRANSFER OF THIS ACTION UNDER 28 U.S.C. § 1404(a) IS INAPPROPRIATE ... 10**

**a. Legal Standard ... 10**

**b. The Private Factors Weigh Against Transfer ... 11**

**c. The Public Factors Weigh Against Transfer ... 14**

**III. THE COURT SHOULD NOT STAY THIS ACTION ... 14**

**CONCLUSION ... 15**

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abreu v. Pfizer, Inc.*,
No. 21-62122-CIV, 2022 WL 481184 (S.D. Fla. Feb. 16, 2022) ...................... 5

*Belacon Pallet Servs., LLC v. Amerifreight, Inc.*,
No. 1:15CV191/MW/GRJ, 2016 WL 8999936 (N.D. Fla. Mar. 26, 2016) ....... 8

*Brigade Holdings, Inc. v. Aegis Bus. Credit, LLC*,
No. 8:21-CV-609-TPB-SPF, 2021 WL 3788952 (M.D. Fla. Aug. 26, 2021) 5, 9

*Carl v. Republic Sec. Bank*,
No. 018981CIVHURLEY, 2002 WL 32167730 (S.D. Fla. Jan. 22, 2002) ...... 5

*Clinton v. Sec. Benefit Life Ins. Co.*,
No. 19-24803-CIV, 2020 WL 6120565 (S.D. Fla. June 29, 2020) ........... 12, 14

*CSX Intermodal Terminals, Inc. v. Nickolas Savko & Sons, Inc.*,
No. 3:18-CV-96-J-34PDB, 2018 WL 4932891 (M.D. Fla. May 21, 2018)... 5, 9

*Fruitstone v. Spartan Race Inc.*,
464 F. Supp. 3d 1268 (S.D. Fla. 2020) .......................................................... 12

*In re Pharmatrak, Inc.*,
329 F.3d 9 (1st Cir. 2003) ............................................................................. 6

*Jenkins v. Owners Ins. Co.*,
No. 20 cv-1738, 2021 WL 6297907, (N.D. Ga. Mar. 10, 2021) ..................... 15

*Kenneth F. Hackett & Assocs., Inc. v. GE Cap. Info. Tech. Sols., Inc.*,
No. 10-20715-CIV, 2010 WL 3056600 (S.D. Fla. Aug. 4, 2010) ................... 10

*Legg v. Quicken Loans, Inc.*,
No. 14-61116-CIV, 2015 WL 13753742 (S.D. Fla. Mar. 6, 2015) ................. 13

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235, 102 S. Ct. 252, (1981) ............................................................. 13

*Robinson v. Giarmarco & Bill, P.C.*,
74 F.3d 253 (11th Cir. 1996) ........................................................ 10

*Rothschild Connected Devices Innovations, LLC v. The Coca-Cola Co.*,
No. 15-24067-CIV, 2016 WL 1546427 (S.D. Fla. Apr. 15, 2016).................. 11

*Roy v. Perdue Farms, Inc.*,
No. 613CV1656ORL36KRS, 2014 WL 12783276 (M.D. Fla. June 9, 2014) 13

*Stewart Org., Inc. v. Ricoh Corp.*,
487 U.S. 22, 108 S. Ct. 2239 (1988) ............................................... 10

*Washington v. LaSalle Bank Nat. Ass'n*,
817 F. Supp. 2d 1345 (S.D. Fla. 2011) .............................................. 6

*Women's Choice Pharms., LLC v. Rook Pharms., Inc.*,
No. 16-CV-62074, 2016 WL 6600438 (S.D. Fla. Nov. 8, 2016) ....................... 4

*Zurich Am. Ins. Co. v. Tavistock Restaurants Grp., LLC*,
No. 6:20-CV-1295-PGB-EJK, 2021 WL 1536648 (M.D. Fla. Mar. 4, 2021). 11

**Statutes**

28 U.S.C. § 1404(a) ............................................................ 9, 10, 11

§§Fla. Stat. 501.201 .......................................................................... 6

**Other Authorities**

M.D. Fla. Local Rule 3.01(b)................................................................ 1

## PRELIMINARY STATEMENT

On December 23, 2025, the Hon. George H. Wu of the Central District of California entered a stipulation between Disney and the United States Department of Justice ("DOJ"), under which Disney agreed to pay ten million dollars to settle claims that it knowingly mislabeled its YouTube videos in order to collect the private data of minors, in violation of the Children's Online Privacy Protection Act of 1998 ("COPPA"). Less than two weeks later, Disney, now barred by court order from continuing to violate COPPA and infringe on the privacy rights of children, moved[1] to transfer this action to the forum of their choosing, in an attempt to escape accountability from the courts in its home state.

Disney hopes transfer of this action will limit their exposure and leave them unaccountable for the harms caused to the citizens of Florida and their children. However, Disney's invocation of the first-filed rule, in favor of a case pending across the country that leaves out Floridians entirely, is unavailing. Plaintiff and the Florida subclass ought to be afforded the opportunity to conduct the litigation in the best interest of Florida citizens, without their goals being subservient to the goals of plaintiffs from California and their counsel.

[1] Of note is that Defendants' motion does not comply with M.D. Fla. Local Rule 3.01(b), which provides that a motion must be presented as a "single document no longer than twenty-five pages." As Local Rule 3.01(a) does not exclude tables from the page computation, Defendants' motion is twenty-nine pages in length – or four pages overlong.

As such, the Court should deny Disney's motion to transfer or stay this action, and allow it to proceed in this court.

**BACKGROUND**

This case arises from Defendants Disney Worldwide Services, Inc. and Disney Entertainment Operations LLC's ("Disney" or "Defendants") violations of COPPA, which have been ongoing since 2019. ¶ 2.[2] Plaintiff alleges that Disney has purposefully and consistently failed to mark its animated videos, cartoons, movie clips, and other content aimed at children under 13 as "made for kids" on YouTube. *Id.* Disney's intentional omission of this designation had the effect of allowing the collection of the children's personal data, including their identities and their location, all unbeknownst to their parents and guardians. ¶ 3. This pattern of privacy violations was first revealed on September 2, 2025, when the DOJ, upon notification from the Federal Trade Commission ("FTC"), filed a complaint against Disney in the Central District of California. *See United States of America v. Disney Worldwide Servs., Inc. et al.*, No. 2:25-cv-08223-GW RAO, Dkt. No. 1.

The stipulation filed with the complaint, however, revealed that the matter had been settled for only ten million dollars – doubtless an insufficient sum to compensate the families of the many children who had their private

[2] All citations to "¶" are to the Amended Class Action Complaint, Dkt. No. 20 in this matter.

data misappropriated by Disney. *See id.* at Dkt. No. 4-2. As such, several class actions (the "Consolidated Actions") were filed by plaintiffs in California, New York, and Washington, alleging claims similar to those put forth in the FTC complaint, in an effort to hold Disney accountable. None of these cases were brought by citizens of Florida, none asserted claims under Florida law, and none plead a Florida subclass.

Owing to the lack of representation for Floridians, on September 29, 2025, Plaintiff filed the instant action on behalf of his minor children, seeking to represent a nationwide class consisting of "[a]ll natural persons in the United States who, at any time between November 1, 2019, and September 2, 2025, were under 13 years old and watched child-directed content that was uploaded by Disney on YouTube and not marked as 'made for kids'" and a Florida subclass consisting of "[a]ll Florida residents who, at any time between November 1, 2019, and September 2, 2025, were under 13 years old and watched child-directed content that was uploaded by Disney on YouTube and not marked as 'made for kids.'" Dkt. No. 1, ¶ 99. On November 3, 2025, Plaintiff filed an Amended Complaint, which did not substantively alter the allegations. Dkt. No. 20.

On September 12, 2025, a motion was filed before the Judicial Panel on Multidistrict Litigation ("MDL Panel") seeking centralization and coordination in the Southern District of New York. *See In re: Disney Children's Consumer*

*Privacy Litigation*, MDL No. 3165. The motion was withdrawn without further comment on October 2, 2025. *Id.* at18. Following coordination by counsel for the various Consolidated Action plaintiffs – none of whom reached out to Plaintiff Desouvre –and the dismissal of the New York and Washington cases in favor of refiling in California, these seven cases were then consolidated for all purposes under the Hon. George H. Wu of the Central District of California. *See S.K. et al. v. Disney Worldwide Servs., Inc. et al.*, 2:25-cv-08410-GW-RAO, Dkt. No. 45. Judge Wu also appointed interim co-lead counsel for the Consolidated Actions, namely William J. Edelman of Milberg, PLLC, Jean S. Martin of Morgan and Morgan Complex Litigation Group, and Tina Wolfson of Ahdoot & Wolfson, PC. *See id.* Plaintiff Desouvre remains the only plaintiff to bring claims on behalf of a class of Floridians, the only Plaintiff that is a resident or citizen of Florida, the only Plaintiff who alleges harms suffered in Florida, and the only Plaintiff alleging claims under Florida law.

## ARGUMENT

### I. THE FIRST TO FILE RULE DOES NOT MANDATE TRANSFER

#### *a. Legal Standard*

"The three primary considerations for determining whether the first-to-file rule should be applied are (1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues." *Women's Choice Pharms., LLC v. Rook Pharms., Inc.*, No. 16-CV-62074, 2016 WL 6600438, at

*2 (S.D. Fla. Nov. 8, 2016). "The rule does not require rigid or inflexible application but should, instead, be applied in a manner that best serves the interests of justice." *Abreu v. Pfizer, Inc.*, No. 21-62122-CIV, 2022 WL 481184, at *4 (S.D. Fla. Feb. 16, 2022) (citations omitted).

However, even if the conditions for invocation of the first-filed rule are satisfied, the presumption in favor of the rule "may be rebutted if compelling circumstances warrant an exception." *Brigade Holdings, Inc. v. Aegis Bus. Credit, LLC*, No. 8:21-CV-609-TPB-SPF, 2021 WL 3788952, at *2 (M.D. Fla. Aug. 26, 2021) (citations omitted). Courts have recognized that "it is appropriate to depart from the general rule when there is a showing the balance of convenience tips in favor of the second forum or there are special circumstances which justify giving priority to the second action." *Carl v. Republic Sec. Bank*, No. 018981CIVHURLEY, 2002 WL 32167730, at *3 (S.D. Fla. Jan. 22, 2002). Finally, "in ascertaining whether compelling circumstances exist, courts consider the same factors applicable to transfer motions under § 1404(a)." *Brigade*, 2021 WL 3788952, at *2 (citing *CSX Intermodal Terminals, Inc. v. Nickolas Savko & Sons, Inc.*, No. 3:18-CV-96-J-34PDB, 2018 WL 4932891, at *2 (M.D. Fla. May 21, 2018)).

*b. The Parties and Issues are not Substantially Identical*

Here, while a number of the Consolidated Actions were indeed filed before this action, neither the parties nor the issues are identical. For one,

Plaintiff's Complaint asserts a claim for violations of the Florida Deceptive and Unfair Trade Practices Act, §§Fla. Stat. 501.201 (the FDUPTA). ¶ 39. In contrast, none of the constituent class actions that comprise the Consolidated Action put forth such a claim, and there is little reason to believe that any forthcoming amended pleading in the Consolidated Action will contain one. Rather, they contain claims for violations of unrelated statutes, such as the Federal Wiretap Act. The issues are therefore not substantially identical. The FDUPTA is highly technical in its interpretation, and the decision as to whether Defendants violated the FDUPTA may turn on facts unrelated to whether Defendants were negligent or violated the Federal Wiretap Act, as the components of these respective causes of action are not similar. *Compare Washington v. LaSalle Bank Nat. Ass'n*, 817 F. Supp. 2d 1345, 1350 (S.D. Fla. 2011) ("In order to state a claim under FDUTPA a consumer must establish: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages") *with In re Pharmatrak, Inc.*, 329 F.3d 9, 18 (1st Cir. 2003) ("plaintiffs must show five elements to make their claim under Title I of the ECPA:[3] that a defendant (1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device").

[3] The ECPA is the Electronic Communications Privacy Act of 1986, which amended the Federal Wiretap Act.

Just as the issues here are not substantially identical, so to the parties are not. Plaintiff, acting on behalf his minor children, is a citizen of the State of Florida. ¶ 8. He is, of course, not a party to any of the Consolidated Actions. Meanwhile, none of the Consolidated Actions feature a Florida plaintiff or a Florida subclass. Indeed, a member of the Florida subclass seeking damages under the FDUPTA has very little in common at all with a Californian seeking damages under California law.

In sum, the Consolidated Actions do not invoke Florida law or seek to certify a Florida class, nor do they feature a Florida plaintiff or Florida subclass. The legal issues are quite distinct, and the Consolidated Actions will therefore develop differently from the instant case. As such, the Court should not apply the first-filed rule here and decline to transfer this matter under that rule.

*c. Alternatively, Florida's State Interest is a Compelling Circumstance Sufficient to Avoid Transfer*

Even if the Court finds that the first-to-file rule is facially applicable here, this matter should still remain in this venue, because a compelling circumstance exists to overcome the presumption of transfer: Florida's interest in policing its corporations and adjudicating disputes between its citizens. Disney Worldwide is a Florida corporation headquartered in this district, and Disney Entertainment is a Florida limited liability company. ¶¶ 13-14.

Plaintiff, meanwhile, is a citizen of Florida himself. ¶ 8. Finally, the factual nexus of this case is in Florida – where Plaintiff resides, and where his minor children had their data tracked while watching Disney-produced videos. This matter, in sum, concerns a Floridian bringing suit under Florida statute against other Floridians regarding events that occurred in Florida. The State of Florida therefore has a profound interest in adjudicating this suit and applying its own laws. *See Belacon Pallet Servs., LLC v. Amerifreight, Inc.*, No. 1:15CV191/MW/GRJ, 2016 WL 8999936, at *6 (N.D. Fla. Mar. 26, 2016) ("Belacon is a Florida limited liability company alleging harms that occurred to it in Florida, which Florida has a strong interest in adjudicating") (citation omitted).

Indeed, the choice of California appears to be one made for the convenience of interim co-lead counsel, rather than any consideration for the putative class. To wit: on September 12, 2025, a motion was filed before the Judicial Panel on Multidistrict Litigation ("MDL Panel") seeking centralization and coordination in the Southern District of New York. *See In re: Disney Children's Consumer Privacy Litigation*, MDL No. 3165. Following what Defendants refer to as "private ordering" discussions, counsel for the pending matters – most of whom are located in California – decided that California was indeed the most convenient forum in which to prosecute the Consolidated Action. It is not clear why the proper venue for the Consolidated

Action changed from New York to California seemingly overnight, but it does put into question Defendants' arguments that California is the natural venue for this matter.

Most pressingly, however, none of interim co-lead counsel represent a Florida plaintiff or a Florida subclass. Interim co-lead counsel did not consult with Plaintiff Desouvre or attempt to bring Plaintiff and the Florida subclass into the fold; whether this exclusion was inadvertent or not, the end result was to leave Floridians without a say in the venue, ordering, and prosecution of the Consolidated Action. Instead, it left these crucial decisions to counsel who do not represent them, and are not required to have their best interests in mind. This Court should not give effect to interim co-lead counsel's unilateral decision to exclude Floridians from the table.

Finally, at least one court in this District has held that the 28 U.S.C. § 1404(a) factors, discussed below, are also an appropriate framework for evaluating motions to transfer under the first-filed rule. *See Brigade*, 2021 WL 3788952, at *2 (M.D. Fla. Aug. 26, 2021) ("In ascertaining whether compelling circumstances exist, courts consider the same factors applicable to transfer motions under § 1404(a)") (citing *CSX Intermodal Terminals, Inc. v. Nickolas Savko and Sons, Inc.*, No. 3:18-cv-96-J-34PDB, 2018 WL 4932891, at *2 (M.D. Fla. May 21, 2018)). As Plaintiff will show, these factors weigh heavily against transfer. Plaintiff therefore incorporates herein its arguments put forth in § II,

*infra*, and respectfully requests that the Court consider these arguments as responsive to both of Defendants' theories of transfer.

## II. TRANSFER OF THIS ACTION UNDER 28 U.S.C. § 1404(a) IS INAPPROPRIATE

### *a. Legal Standard*

28 U.S.C.A. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "It is the movant's burden to establish transfer is warranted." *Kenneth F. Hackett & Assocs., Inc. v. GE Cap. Info. Tech. Sols., Inc.*, No. 10-20715-CIV, 2010 WL 3056600, at *2 (S.D. Fla. Aug. 4, 2010). This is a high burden, as "the plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). Furthermore, this statute is not dogmatically applied: "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244 (1988) (citations and quotations omitted).

"In making this determination, courts in the Eleventh Circuit traditionally consider the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."

*Zurich Am. Ins. Co. v. Tavistock Restaurants Grp., LLC*, No. 6:20-CV-1295-PGB-EJK, 2021 WL 1536648, at *2 (M.D. Fla. Mar. 4, 2021) (citations omitted).

The ninth factor itself is made of multiple sub-factors, often identified in the caselaw as *public factors*: "administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, the avoidance of unnecessary problems in conflict of laws or application of foreign law, and the unfairness in imposing jury duty on citizens in an unrelated forum." *Rothschild Connected Devices Innovations, LLC v. The Coca-Cola Co.*, No. 15-24067-CIV, 2016 WL 1546427, at *7 (S.D. Fla. Apr. 15, 2016)

*b. The Private Factors Weigh Against Transfer*

Defendants' alternative argument that this case should be transferred under 28 U.S.C. § 1404(a) is unavailing because the weight of the relevant factors does not support transfer. The first three factors - (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties – are all related,

and all strongly in favor of the Middle District of Florida. As discussed *supra*, the parties are located in this District; furthermore, since at least one of the Disney defendants are headquartered here, and both are incorporated here, presumably a majority of the relevant witnesses and documents are located here as well. Regardless, Plaintiff is a Florida resident, and he should not have to shoulder the burden of traveling to California for appearances.

As to the fourth factor, the locus of operative facts, it is indisputably within this District, as it is where Plaintiff and his minor children reside, and therefore presumably where the videos at issue were watched. *See Clinton v. Sec. Benefit Life Ins. Co.*, No. 19-24803-CIV, 2020 WL 6120565, at *6 (S.D. Fla. June 29, 2020), *report and recommendation adopted,* No. 19-24803-CIV, 2020 WL 6120554 (S.D. Fla. July 21, 2020). (“To determine the locus of operative facts, courts look to where the events from which the claim arises occurred"). Meanwhile, the fifth factor, availability of process to compel the attendance of unwilling witnesses, is not highly evaluable or important at this stage, since the parties have not identified any such witnesses yet. *See e.g. Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1282 (S.D. Fla. 2020) (holding that the factor is therefore neutral).

The sixth factor (the relative means of the parties), however, is strongly in favor of the current venue, as Plaintiff is a professor, while Disney is an international conglomerate with a market capitalization greater than the gross

domestic product of over half the sovereign nations on Earth. As Disney is of far greater material means, this factor weighs in favor of Plaintiff. *See Roy v. Perdue Farms, Inc.*, No. 613CV1656ORL36KRS, 2014 WL 12783276, at *2 (M.D. Fla. June 9, 2014) ("Perdue is a corporation with over $4 billion in annual sales… Roy, on the other hand, is an individual consumer. Perdue is therefore far more well-equipped to litigate in a less convenient forum").

The seventh factor is similarly in favor of M.D. Fla., because while Plaintiff does not suggest that the Central District of California is incapable of applying Florida statute should the need arise, it cannot be said that the courts in that District are nearly as familiar with the FDTPA as the courts in this District are. *See id.* (writing that "[w]hile federal judges are certainly capable of applying—and often do apply—the law of other states, there is no question that this Court has greater familiarity with Florida law."). The eighth factor favors Plaintiff by its explicit terms, especially because Plaintiff has chosen his home forum as the venue for this action. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S. Ct. 252, 266, (1981) (holding that "a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum") (citation omitted). The fact that this matter is a putative class action does not substantially alter that calculus. *See Legg v. Quicken Loans, Inc.*, No. 14-61116-CIV, 2015 WL 13753742, at *3 (S.D. Fla. Mar. 6, 2015) ("Quicken Loans argues that Legg's preference should not matter because this is a

putative class action and thus it may include class members from all over the country. But some deference for Legg's forum is still appropriate.").

*c. The Public Factors Weigh Against Transfer*

The ninth factor weighs equally in favor of Plaintiff. A key sub-factor of the ninth factor is "the interest in having localized controversies decided at home." *Clinton*, 2020 WL 6120565, at *9. Here, Florida has a robust interest in deciding this matter because not only is Plaintiff a Florida citizen, but Defendants are a Florida corporation and a Florida limited liability company, and Defendants' misdeeds occurred in Florida as well. As such, this factor weighs in favor of transfer. *See id.* (holding that "[Kansas] has an interest in demanding that its resident corporations adhere to a level of protocol in conducting their business activities, especially when the alleged misdeeds took place within that forum") (citation omitted). It should not fall to a California court to decide this matter between Floridians, about actions that occurred in Florida.

III. THE COURT SHOULD NOT STAY THIS ACTION

The Court should reject Defendants' request to stay this action, for the same reasons that transfer is not warranted. As explored *supra*, this matter and the Consolidated Actions are not identical, as they feature different parties and causes of action. The progress of one therefore should not bear on the progress of the other. Moreover, Defendants do not explain why this matter

should bear the weight of being stayed, while the other proceeds. Indeed, this matter is currently scheduled to proceed at a pace brisker than that of the Consolidated Actions. Defendants' responsive pleading is due on February 11, 2026, in the instant case (Dkt. No. 25), while in the Consolidated Action, an amended complaint is not due until February 16, 2026. *See S.K. et al. v. Disney Worldwide Servs., Inc. et al.*, 2:25-cv-08410-GW-RAO, Dkt. No. 16. There is little reason to stay the case that is currently further along. Finally, Defendants' citation to *Jenkins v. Owners Ins. Co.* is inapposite, as the Court in that matter stayed the case in recognition of a pending appeal in the first-filed case; no such appeal is present here. No. 20 cv-1738, 2021 WL 6297907, (N.D. Ga. Mar. 10, 2021).

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Motion in full, for the reasons put forth above.

Dated: January 23, 2026

/s/ *Laurence Rosen*
**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
Fla. Bar No. 0182877
Phillip Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: philkim@rosenlegal.com

*Counsel for Plaintiff*