**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

YANATHA DESOUVRE *ex rel.* J.D. and A.D.,

Plaintiff,

v. Case No. 6:25-cv-1878-RBD-LHP

DISNEY WORLDWIDE SERVICES INC.; and DISNEY ENTERTAINMENT OPERATIONS LLC,

Defendants.

---

**ORDER**

Before the Court is Defendants' Motion to Transfer (Doc. 23 ("Motion")), which Plaintiff opposes (Doc. 28). On review, the Motion is due to be granted and the action transferred to the Central District of California.

This action centers around the alleged unlawful collection of personal information from children on YouTube. After being investigated and fined by the Federal Trade Commission for violating the Children's Online Privacy Protection Act, which prohibits the unauthorized collection of children's personal information online, YouTube began requiring content creators to designate children's content as "made for kids." (Doc. 20, ¶¶ 47, 52, 54.) This designation disables certain data tracking and collection features to protect sensitive

information. (*See id*. ¶¶ 60–61.) Plaintiff, the parent of two minor children, alleges that Disney failed to designate certain content as "made for kids" on its YouTube channel, leading to the collection of children's personal data. (*Id*. ¶¶ 70–74.) Plaintiff brought a class action on behalf of his two minor children and other children who allegedly had their privacy invaded by Disney's practices, suing for: (1) invasion of privacy; (2) trespass to chattels; (3) negligence; (4) unjust enrichment; (5) violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); and (6) violations of the Federal Wiretap Act, 18 U.S.C. § 2510. (*Id.* ¶¶ 116–89.) Defendants represent that Plaintiff's case overlaps with earlier-filed class actions that were consolidated before U.S. District Judge George H. Wu of the Central District of California. (Doc. 23.) So Defendants seek transfer of this case to the Central District of California for consideration with the related cases pending there. (*Id.*) With Plaintiff's opposition (Doc. 28), the matter is ripe.

Defendants argue that the first-filed rule and 28 U.S.C. § 1404(a) mandate transfer. (*See* Doc. 23, pp. 17–29.) Plaintiff opposes transfer, arguing that the first-filed rule and 1404(a) factors are not met and that compelling circumstances disfavor transfer because there are no Florida-based causes of action or plaintiffs in the consolidated action. (Doc. 28, pp. 8–18.)

Under the first-filed rule, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across

the federal circuits that favors the forum of the first-filed suit." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). In determining whether to transfer a case under the first-filed rule, the court with the second-filed action considers: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Rudolph & Me, Inc. v. Ornament Cent., LLC*, No. 8:11-cv-670, 2011 WL 3919711, at *2 (M.D. Fla. Sep. 7, 2011). The party objecting to the first-filed rule must prove "compelling circumstances" to warrant an exception to the rule. *Manuel*, 430 F.3d at 1135.

Here, transfer is warranted under the first-filed rule. First, it is undisputed that at least three[1] of the consolidated cases were filed prior to Plaintiff's filing on September 29, 2025. (*See* Doc. 23, p. 14; Doc. 28, p. 10.) So the first factor is satisfied.

Second, the actions involve similar parties. The first-filed rule does not require complete unity of parties. *See Rudolph*, 2011 WL 3919711, at *2. For putative class actions, "what matters is whether the proposed class in the second action would be part of the proposed class, if certified, in the original action." *Cole v. United Healthcare Ins. Co.*, No. 19-CV-21258, 2019 WL 13256100, at *3 (S.D. Fla. Oct. 28, 2019). Here, although not identical, the parties are substantially similar. Disney Worldwide Services, Inc. and Disney Entertainment Operations LLC are

[1] *S.K. v. Disney Worldwide Servs., Inc.*, No. 2:25-cv-8410 (C.D. Cal. Sep. 5, 2025); *Doe v. Disney Worldwide Servs., Inc.*, No. 2:25-cv-8518 (C.D. Cal. Sep. 8, 2025); *M.G. v. Disney Worldwide Servs., Inc.*, No. 2:25-cv-867 (C.D. Cal. Sep. 12, 2025).

also named in the consolidated action. *See S.K. v. Disney Worldwide Servs., Inc.*, No. 2:25-cv-8410 (C.D. Cal. Feb. 17, 2026) (Doc. 55). The proposed classes are substantially similar: both Plaintiff and the consolidated action seek to certify a nationwide class of children under the age of thirteen years old who watched child-directed content uploaded by Disney on YouTube without the "made for kids" designation. (*Compare* Doc. 20, ¶ 104, *with S.K.*, No. 2:25-cv-8410 (Doc. 55, ¶ 227).) And Plaintiff's Florida Subclass is subsumed by the national class in the consolidated action. (Doc. 20, ¶ 104); *see Cole*, 2019 WL 13256100, at *3 (parties sufficiently similar where plaintiff's proposed narrower class subsumed by first-filed class); *Banegas v. Procter & Gamble Co.*, No. 0:16-CV-61617, 2016 WL 5940104, at *1 (S.D. Fla. Sep. 28, 2016) (same). So the second factor is also satisfied.

The similarity of the issues also favors transfer. The issues need not be identical to satisfy the first-filed rule; substantial overlap is sufficient. *See Zampa v. JUUL Labs, Inc.*, No. 18-25005-CIV, 2019 WL 1777730, at *5 (S.D. Fla. Apr. 23, 2019). Here, much of Plaintiff's Complaint is virtually identical to those from the consolidated cases, weighing in favor of applying the first-filed rule. (*See* Doc. 23, Table 1); *Lianne Yao v. Ulta Beauty Inc.*, No. 18-22213-CIV, 2018 WL 4208324, at *3 (S.D. Fla. Aug. 8, 2018) (applying first-filed rule where plaintiff's complaint was copied from the first-filed suit and issues overlapped); *GeorgiaCarry.org, Inc. v. U.S. Army Corps of Eng'rs*, No. CV 114-178, 2015 WL 196018, at *2 (S.D. Ga. Jan. 14, 2015)

(same). Both actions arise from the same alleged misconduct: Defendants' failure to properly designate YouTube content as "made for kids," which enabled the unlawful tracking and collection of children's personal information. (*Compare* Doc. 20, ¶¶ 2–5, *with S.K.*, No. 2:25-cv-8410 (Doc. 55, ¶¶ 6–8).) And all of Plaintiff's causes of action, except the FDUTPA claim, are also brought in the consolidated complaint. (*Compare* Doc. 20, ¶¶ 116–89, *with S.K.*, No. 2:25-cv-8410 (Doc. 55, ¶¶ 240–334).) Plaintiff argues that the FDUTPA claim renders the two actions dissimilar, but "the existence of additional claims alone does not compel" a finding of dissimilarity. *Nat'l Beverage Corp. v. Energy Brands, Inc.*, No. 08-60792-CIV, 2008 WL 11333336, at *4 (S.D. Fla. Aug. 14, 2008); *Zampa*, 2019 WL 1777730, at *5 (actions similar where six out of the seven causes of action overlapped); *Banegas*, 2016 WL 5940104, at *1 (issues found to be similar where the only difference was the application of California versus Florida substantive law). So the final factor is also met, and the first-filed rule supports transfer.

Plaintiff has failed to show any "compelling circumstances" that warrant an exception to the first-filed rule. *See Manuel*, 430 F.3d at 1135. "Compelling circumstances include bad faith negotiations, an anticipatory suit, and forum shopping." *Chaban Wellness LLC v. Sundesa, LLC*, No. 15-CV-21497, 2015 WL 4538804, at *2 (S.D. Fla. July 27, 2015). Plaintiff has not shown that these circumstances exist. Instead, he argues that Florida has a distinct interest in the

suit because it "concerns a Floridian bringing suit under Florida statute against other Floridians regarding events that occurred in Florida." (Doc. 28, p. 12.) But Plaintiff misrepresents the Florida nexus of this case: he seeks to represent a class of children who watched improperly designated content nationwide, not just Floridians who viewed content in Florida. (*See* Doc. 20, ¶ 104.) Plaintiff's argument that his Florida common law and statutory claims should be litigated in Florida is unpersuasive when "federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 67 (2013). It is inaccurate to argue that the consolidated action "exclude[s] Floridians from the table" when it seeks to certify a nationwide class that would include Floridians. (Doc. 28, p. 13); *S.K.*, No. 2:25-cv-08410 (Doc. 55, ¶ 227). And there is no proof that Plaintiff's exclusion from the consolidated action was intentional bad-faith conduct on the part of class counsel. Without more,[2] Plaintiff fails to show compelling circumstances exist to warrant an exception to the first-to-file rule.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Defendants' Motion (Doc. 23) is **GRANTED IN PART AND**

[2] Plaintiff's attempt to incorporate the § 1404(a) factors into the first-filed analysis is improper because courts decline to address § 1404 when the first-filed rule is dispositive. *See Steelers Keys, LLC v. High Tech Nat'l, LLC*, No. 19-23630-CIV, 2019 WL 6609214, at *3 (S.D. Fla. Dec. 4, 2019); *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013).

**DENIED IN PART**. The Motion is **GRANTED** as to the request to transfer the action to the Central District of California. The request to stay the action in the alternative is **DENIED** as moot.

2. The Clerk is **DIRECTED** to transfer this action to the Western Division of the U.S. District Court for the Central District of California for consideration by Judge Wu with the consolidated action.

3. Once the transfer is complete, the Clerk is **DIRECTED** to close the file.

4. Defendants' Motion to Dismiss (Doc. 31) is **DENIED WITHOUT PREJUDICE** as moot.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 10, 2026.

ROY B. DALTON, JR.
United States District Judge